MARC A. PILOTIN
Regional Solicitor
JOSHUA P. FALK
Counsel for Safety and Health
DAVID H. CLARK
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104-2397
Telephone: 206-757-6749
Clark.David.H@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>       United States Department of Labor,<br><br>                        Plaintiff,<br>    v.<br><br>ALASKA GOLDMINE LLC; and SHELDON MAIER,<br><br>                        Defendants. | Case No. 4:23-cv-00019-JMK |

**COMPLAINT FOR INJUNCTIVE RELIEF**

(30 U.S.C. § 818(a)(1))

The Acting Secretary of Labor ("Acting Secretary") brings this action under Section 108 of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 818, seeking an order enjoining Alaska Goldmine LLC, and its owner, Sheldon Maier ("Mr. Maier") (collectively, "Defendants"), from refusing to permit the inspection of the Alaska Goldmine LLC, Federal Mine Identification Number ("Mine ID") 50-02099. 30 U.S.C. § 818(a)(1)(D).

I

This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 30 U.S.C. § 818.

II

Defendant Alaska Goldmine LLC is a limited liability company that operates the Pedro Creek Mine, Mine ID No. 50-02099, a surface gold mine near Fairbanks, Alaska. Alaska Goldmine LLC is an "operator" as defined under 30 U.S.C. § 802(d).

III

Defendant Sheldon Maier is an owner and agent of Alaska Goldmine LLC and is an "operator" as defined under 30 U.S.C. § 802(d) and (e).

IV

At all relevant times herein mentioned, Defendant Alaska Goldmine LLC has operated a mine the products of which enter commerce, or the operations or products of which affect commerce, and is subject to the Federal Mine Safety and Health Act of 1977 as amended ("Mine Act").

V

Jarrod L. Towne is a Federal Mine Safety & Health Inspector and an authorized representative of the Acting Secretary employed by the Mine Safety and Health Administration ("MSHA") of the U.S. Department of Labor, which has a District Office in Vacaville, California, and a Field Office in Anchorage, Alaska. His duties and responsibilities as a Federal Mine Safety & Health Inspector and authorized representative of the Acting Secretary include conducting safety and health inspections of mines and mine facilities under the authority of Section 103(a) of the Mine Act, 30 U.S.C. § 813(a).

VI

Section 103(a) of the Mine Act, 30 U.S.C. § 813(a), gives authorized representatives of the Acting Secretary the right to enter mine property to conduct safety and health inspections, and prohibits mine operators from refusing to permit, hindering,

or interfering with such safety and health inspections. Section 103(a) also requires that each surface mine be inspected in its entirety at least two times per year.

VII

Section 104(a) of the Mine Act directs that "[i]f, upon inspection or investigation, the Secretary or his authorized representative believes that an operator of a coal or other mine subject to this chapter has violated this chapter, or any mandatory health or safety standard, rule, order, or regulation promulgated pursuant to this chapter, he shall, with reasonable promptness, issue a citation to the operator. Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the chapter, standard, rule, regulation, or order alleged to have been violated. In addition, the citation shall fix a reasonable time for the abatement of the violation." 30 U.S.C. § 814(a).

VIII

Section 104(b) of the Mine Act directs that "[i]f, upon any follow-up inspection of a coal or other mine, an authorized representative of the Secretary finds (1) that a violation described in a citation issued pursuant to subsection (a) of this section has not been totally abated within the period of time as originally fixed therein or as subsequently extended, and (2) that the period of time for the abatement should not be further extended, he shall determine the extent of the area affected by the violation and shall promptly issue an order requiring the operator of such mine or his agent to immediately cause all persons, except those persons referred to in subsection (c) of this section, to be withdrawn from, and to be prohibited from entering, such area until an authorized representative of the Secretary determines that such violation has been abated." 30 U.S.C. § 814(b).

IX

Section 109(d) of the Mine Act, 30 U.S.C. § 819(d), and the implementing regulations at 30 CFR Part 41, require each mine operator to file with the Acting Secretary certain information, including the name and location of the mine and the legal

identity of the mine operator, as is set forth in a Legal Identity Report Form (MSHA Form No. 2000-7).

X

On August 24, 2022, MSHA received an anonymous complaint alleging an illegal mine operation (i.e., unregistered per Section 109(d)) along the highway next to Pedro Creek. As part of his official duties, Inspector Towne traveled to the mine site to gain entry to the Defendants' mine. The purpose of the visit to the mine was to determine if there were mining operations that fell under the jurisdiction of the Mine Act, and, if so, to conduct a safety and health inspection of the mine pursuant to Section 103 of the Mine Act, 30 U.S.C. § 813(a).

XI

Inspector Towne arrived at the Pedro Creek site at approximately 9:15 a.m. on August 24, 2022, and observed a locked gate. Inspector Towne next observed an individual, later identified as Defendant Maier, driving down the roadway and exiting the mine site in a truck. Inspector Towne met Defendant Maier at the exit and presented his credentials and informed Defendant Maier that he was there to conduct a safety and health inspection of the site pursuant to Section 103 of the Mine Act. Defendant Maier refused entry. Inspector Towne further explained the Mine Act gave MSHA the legal right to enter for inspection purposes. Mr. Maier still refused entry and, following MSHA policy, Inspector Towne left to report the denial of entry to his supervisor.

XII

On September 13, 2022, Inspector Towne returned to the mine with another MSHA employee, Inspector Thomas Berberich. Between his previous attempt at entry and this attempt, Inspector Towne observed from the highway three pieces of equipment moving simultaneously on the site. The Inspectors, as directed by their then-Supervisor, gained access via helicopter to the mine. Upon landing, the Inspectors observed several pieces of equipment that indicated this was an active mine site. Inspector Towne observed a trommel, which, in his mining experience is only used for gold mining.

Inspector Towne also observed an area of fresh dirt and rock cut into the earth, also known as a "fresh cut." The Inspectors determined this was a mine and identified several hazards in plain view. At approximately 10:00 a.m. Defendant Maier arrived and approached the two Inspectors. Inspector Berberich spoke to Defendant Maier to ask if he was willing to register the mine with MSHA as required under Section 109(d) of the Mine Act. Defendant Maier refused, asserted MSHA had no authority to inspect his mine, and stated that he was denying the Inspectors entry to inspect and to follow up on abatement. The Inspectors left and reported the encounter to their supervisor.

XIII

Based on what they saw in plain view, MSHA issued 17 citations to Alaska Goldmine LLC under Section 104(a). This included hazards caused by: four damaged windows on dozer obstructing the driver's view; no berms on the mine's roadways; an unguarded drive chain and drive sprocket; an unguarded drive belt, pulley and fan blades; an unguarded tail pulley; a unsloped highwall containing loose and overhanging material; unguarded belt rollers; a lack of flotation devices next to water hazards; a van used to jump start water pumps parked on a down grade; a 120 volt control box missing knockouts; an unguarded drive belt and fan blades; no traffic signage; no first aid supplies. MSHA also issued citations for the lack of a training plan, failing to notify MSHA of a new mining operation, failing to notify MSHA upon commencing operations, and denying MSHA entry to the mine for purpose of conducting an inspection. Inspector Towne issued these 17 citations as well as one withdrawal order under Section 104(g)(1)/30 CFR § 48.25 for lack of new miner training on September 13, 2022. 30 U.S.C. § 813(g)(1). On June 16, 2023, Inspector Towne again went to the Pedro Creek mine, where he observed moving mining equipment. In an attempt to serve 14 failure to abate orders under Section 104(b), he taped the orders to the gate lock in the morning. Later that afternoon, Inspector Towne observed that the orders had been removed from the lock. Despite phone calls, UPS mailing, and visits to the mine, Defendant Maier refused to respond to MSHA or provide any evidence that the cited hazards had been

abated.

## XIV

In June 2023, MSHA discovered that Defendant Maier appeared in an interview posted on YouTube. During this interview, Defendant Maier stated he is aware that MSHA issued 17 citations concerning the Pedro Creek Mine, and that he refuses to communicate with MSHA and register the Pedro Creek Mine.

## XV

On June 30, 2023, July 6, 2023, and July 11, 2023, a Department of Labor representative left messages with Defendant Maier requesting a time to speak. In a letter to the Department dated July 13, 2023, Defendant Maier wrote, "Alaska Goldmine will continue to refuse MSHA inspections…" and "we have never authorized MSHA inspectors to be on our site."

## XVI

Based upon Defendants' continued refusal to communicate with MSHA, MSHA issued 15 Section 104(b) Orders for failing to abate citations, 30 U.S.C. § 814(b).

## XVII

Defendants' failure to comply with the abatement of the citations/orders constitutes a continuing threat to the safety and health of the miners and other persons in or about the mine site. Defendants' failure to comply with the Mine Act's requirement of bi-yearly comprehensive inspections constitutes a continuing threat to the safety and health of the miners and other person in or about the mine site.

## XVIII

Defendants have (1) refused to admit the authorized representatives of the Acting Secretary onto, and to permit the inspection of, a mine site, in violation of Section 103(a), 30 U.S.C. § 813(a); (2) interfered with, hindered, and refused to permit the Acting Secretary's representatives from carrying out the provisions of the Mine Act, in violation of Section 103(a), 30 U.S.C. § 813(a); (3) and refused to comply with Order No. 9615288, in violation of Section 104(g)(1), 30 U.S.C. § 814(g)(1).

## XIX

The Plaintiff has no adequate remedy at law to ensure that Defendants will not continue to violate the Mine Act. Therefore, the Plaintiff requests:

1. An injunction restraining and enjoining Defendants, their agents and employees, and all those in active concert and participation with them, from:

    (a) denying authorized representatives of the Acting Secretary entry to any mine site operated by the Defendant and located within the jurisdiction of this Court, specifically the Pedro Creek Mine, Mine ID No. 50-02099;

    (b) refusing to permit inspection of the mine and related equipment;

    (c) interfering with, hindering, and delaying the Acting Secretary of Labor or her authorized representatives from carrying out the provisions of the Mine Act; and

    (d) refusing to comply with Order of Withdrawal No. 9615288, in violation of Section 104(g)(1);

2. An order requiring Defendants to reimburse the Acting Secretary for all fees, costs, expenses, and attorneys' fees associated with this action; and

3. Such other relief as the Court may deem just and proper.

Dated: August 18, 2023

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JOSHUA FALK
Counsel for Safety and Health

/s/ David H. Clark
DAVID H. CLARK
Trial Attorney

*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

COMPLAINT FOR INJUNCTIVE RELIEF
Case No. [Case Number]

Page 7

Case 4:23-cv-00019-JMK   Document 1   Filed 09/06/23   Page 7 of 8