| | |
|---|---|
| 1 | MARC A. PILOTIN |
| | Regional Solicitor |
| 2 | JOSHUA P. FALK |
| | Counsel for Safety and Health |
| 3 | DAVID H. CLARK |
| | Trial Attorney |
| 4 | UNITED STATES DEPARTMENT OF LABOR |
| | 300 Fifth Ave., Suite 1120 |
| 5 | Seattle, WA 98104-2397 |
| | Telephone: 206-757-6749 |
| 6 | Clark.David.H@dol.gov |
| 7 | *Attorneys for Plaintiff Julie A. Su,* |
| | *Acting United States Secretary of Labor* |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | Case No. 4:23-cv-00019-JMK |
| Plaintiff, | |
| v. | |
| ALASKA GOLDMINE LLC; and SHELDON MAIER, | |
| Defendants. | |

**ACTING SECRETARY'S MOTION FOR EXPEDITED CONSIDERATION**

The Acting United States Secretary of Labor moves under Local Civil Rule 7.3 for expedited consideration on her motion for preliminary injunction. The motion seeks to enjoin Defendants from operating an unsafe mine and to prevent them from interfering with Mine Safety and Health Administration ("MSHA") inspectors' attempt to gain access and inspect their mine site. The Acting Secretary seeks expedited consideration because Defendants Alaska Goldmine LLC and Sheldon Maier continue to operate their mine in violation of an MSHA withdrawal order, thereby endangering miners' safety.

Additionally, MSHA is required to conduct inspections of all surface mines at least two times per year and needs access here to conduct an inspection before winter.[1]

This motion is based on the below statement of facts and argument, the attached Declaration of David Clark, and the Acting Secretary's proposed order. As set forth in the Proposed Order, the Acting Secretary requests that the Court hear her motion for a preliminary injunction 21 days from the date she serves Defendants with this motion.[2] In addition, the Acting Secretary requests the following briefing schedule:

- Defendants' opposition to the preliminary injunction due: 14 days after service of this motion; and
- Acting Secretary's reply, if any due: 3 days after service of any opposition.

On August 31, at 11:15 a.m., the undersigned left a voice mail and an email message requesting to discuss this matter over the phone. Clark Decl. ¶ 6. On September 1, 2023, the undersigned emailed Defendant Maier requesting their position on having an expedited hearing to resolve this matter. Clark Decl. ¶ 7. On September 5, 2023, the undersigned attempted once more to reach Defendants by email notifying them of the intention to file this motion and requesting their agreement to the above briefing schedule. Clark Decl. ¶ 8. As of the time of this filing, Defendants have not responded. Clark Decl. ¶ 9.

**STATEMENT OF FACTS**

On September 6, 2023, the Acting Secretary filed a Complaint for Injunctive Relief for violations of the Federal Mine Safety and Health Act of 1977 (the Mine Act) against Alaska Goldmine, LLC and Sheldon Maier. 30 U.S.C § 801 *et seq*. (1977). The Complaint alleges and details Defendants' refusal to allow MSHA inspectors to conduct a safety and health inspection of their above ground gold mine located at Pedro Creek

---

[1] Mine Inspector Jarrod Towne has determined that the Pedro Creek mine operates intermittently due to winter weather and would require inspection at least once a year based on the observed mine operation schedule.
[2] Dkt. 1, the Complaint for Injunctive Relief was filed September 6, 2023, and Dkt. 3, Motion for Preliminary Injunction was filed September 6, 2023.

("Pedro Creek Mine"). As detailed in the Complaint, Defendants verbally and in writing continue to deny MSHA inspectors access to their mine site and continue to operate their mine in the face of a withdrawal order, violating Mine Act Section 103(a), 30 U.S.C. § 813(a), and Section 104(g)(1), 30 U.S.C. § 814(g)(1). Compl., Dkt. 1.

On the same day, the Acting Secretary moved for a Preliminary Injunction to restrain Defendants from denying MSHA inspectors access to their mine site, and to refrain from operating their mine until the withdrawal order is lifted. Dkt. 3. In the motion and supporting documents, the Secretary presented evidence that Defendants Alaska Goldmine LLC and Sheldon Maier have refused entry to MSHA inspectors, were made aware of multiple potentially fatal safety hazards via citations and an order to withdraw from the mine site, and continue to operate despite the preceding. Dkt. 1, 3. Further, the Secretary presented evidence that Sheldon Maier, through use of gate locks, verbal statements, and written statements, continues to deny MSHA inspectors access to his mine site to conduct an inspection and verify abatement. Dkt. 1, 3. The Acting Secretary has recently become aware through MSHA's Anchorage office that in plain view from the Steese highway, MSHA inspectors have observed mining activity at the Pedro Creek mine site. Dkt 1, 3.

The Acting Secretary has attempted service by certified mail, restricted delivery, and email. On September 8, 2023, the undersigned has arranged for process service at the address for Alaska Goldmine listed on the Alaska Secretary of State website and is prepared to serve via process server if restricted mail and email fails. Clark Decl. ¶ 10. On September 1, 2023, the undersigned requested from Defendants the best physical address to send Defendants mail and a request to stipulate to service by electronic delivery. Clark Decl. ¶ 6 - 8. There was no response from Defendants. Clark Decl. ¶ 9. The Acting Secretary seeks to have MSHA inspectors gain entry and inspect the mine site before the end of the mining season in October.

# ARGUMENT

An order requesting expedited consideration is required to allow the Court to hear and decide, as soon as possible, the Acting Secretary's motion for a preliminary injunction. As detailed in that motion and the supporting documents, Defendants continue to deny MSHA's authority over their mine and operate their mine despite numerous safety hazards. Dkt. 1-3. The Court's intervention is urgently required to protect miners from further exposure to safety hazards and to enjoin Defendants from engaging in further obstruction of MSHA inspectors performing their mandated duty to inspect all mines. Dkt. 1-3.

Hearing on the Acting Secretary's motion for preliminary injunction is also urgently required so that the Court may hear evidence and prevent potentially fatal accidents from occurring in the remainder of the 2023 mining season. If the Court does not shorten time for a hearing, the Acting Secretary and the public interest, will suffer substantial harm and prejudice. If the Court does not enjoin Defendants from engaging in their unlawful conduct as soon as possible, untrained miners will continue to be exposed to serious mining hazards. The integrity of the Acting Secretary's enforcement and deterrent efforts will be compromised if Defendants are not immediately enjoined. Defendants' actions have denied MSHA access to the mine as well as denied them access to the miners who have valuable information about the hazards present. In addition, the Defendants should not profit from their refusal to cooperate with MSHA by avoiding the costs associated with operating a mine in accordance with the safety and health rules established by the Mine Act and it's implementing regulations. Likewise, Defendants' stonewall approach to engaging with MSHA gives them a financial advantage of their competitors who makes efforts to comply with the Mine Act. The Secretary moves for access to inspect the mine before the onset of winter, which will mark the end of the above ground mining season in Alaska.

Motion to Expedite Consideration
Case No. 4:23-cv-00019-JMK

Page 4

Case 4:23-cv-00019-JMK   Document 5   Filed 09/08/23   Page 4 of 6

# CONCLUSION

For these reasons, the Court should grant the Acting Secretary's motion for an order shortening time on the Secretary's motion for preliminary injunction.

Respectfully submitted,

Dated: September 8, 2023,

SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

JOSHUA P. FALK
Counsel for Safety and Health

By:\_\_\_/s/ David H. Clark_____
    **David H. Clark**
    Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Petitioner

# CERTIFICATE OF SERVICE

I am a citizen of the United States of America and am over eighteen years of age. I am not a party to the within action; my business address is 90 7th Street, Suite 3-700 San Francisco, CA 94103. On September 8, 2023, I served the within **ACTING SECRETARY'S MOTION FOR EXPEDITED CONSIDERATION** in this action by facsimile and by placing a true copy thereof in a sealed government envelope mailed in Seattle Washington, addressed to:

Representative for *Respondent,*    Sheldon Maier
　　　　　　　　　　　　　　　　　276 Eagle Ridge Rd
　　　　　　　　　　　　　　　　　Fairbanks, AK 99712

Executed: September 8, 2023,    _____/s/_____
　　　　　　　　　　　　　　　　　Dominique Chan
　　　　　　　　　　　　　　　　　Legal Assistant

　　　　　　　　　　　　　　　　　OFFICE OF THE SOLICITOR
　　　　　　　　　　　　　　　　　U.S. DEPARTMENT OF LABOR